## N. Y. SUPERIOR COURT.

### Benjamin F. Stephens agt. Manley Howe and Henry R. Stevens.

The act of congress of 1866, and amended in 1867, concerning the removal of causes from state courts, " at any time before the final hearing or trial of the suit," &c., is *unconstitutional*, and invalid as divesting the state courts of acquired jurisdiction in such cases, which by the judiciary act of congress of 1789, is made concurrent with the U. S. courts.

And there is no power confered by the constitution of the U. S., upon the fenderal government, to divest a state court of its jurisdiction acquired in such cases.

*Special Term.*

This is a motion on the part of the defendant Howe, for an order directing, that this court proceed no further in the action.

> Titus B. Eldridge, *for plaintiff*.
> John S. Jenness, *for defendant*.

Barbour, *Ch. J.*—The papers show that the action was brought against the defendants as partners, on the 7th of February, 1867, to recover the sum of $80,000 ; that the plaintiff then was and now is a citizen of New York, and both the defendants then resided and still reside in Massachusetts ; that the defendant Stevens, has been released and discharged by the plaintiff, from all liability in this action ; that the defendants appeared and answered in the action, the cause was tried before a referee and a judgment was entered upon his report in October, 1869 ; that the defendants thereupon appealed to the general term, and there obtained a reversal of the judgment and an order directing a new trial. After

all that, and on the 15th of January, 1872, the defendant Howe, filed in the office of the clerk of the court an affidavit stating that he had reason to and did believe, that, "from prejudice or local influence he would not be able to obtain justice in this court," together with such a petition as is required by the act of congress, concerning the removal of causes from state courts, passed in 1866, and amended in 1867, (*See* 14 *U. S. Stat. at Large* 306 *&* 558), accompanied by a bond or undertaking in a penalty of $500, &c., and thereupon filed with the clerk of the U. S. circuit court, the papers required by the said acts to be there filed upon the removal of causes; and the defendant's counsel now claims, that those acts on his part have, in fact and in law, operated and effected a removal and transfer of the action from the jurisdiction of this court to that of the said circuit court, under and by virtue of those acts.

Those statutes provide that "where a suit is now pending, or may hereafter be brought, in any state court, in which there is controversy between a citizen of the state in which the suit is brought and a citizen of another state, such citizen of another state, whether he be plaintiff or defendant, if he will make and file in such state court an affidavit stating that he has reason to, and does believe, that from prejudice or local influence, he will not be able to obtain justice in such state court, at any time before the final hearing or trial of the suit, and file a petition in such state court, offer security (and perform certain other formal acts,) the state court shall thereupon proceed no further in the action, but the same shall proceed in the U. S. circuit court."

As the defendant has complied, substantially with all the conditions of those acts, there can be no doubt this court has lost all legal right to proceed further in the cause, unless the statute is itself invalid, because unconstitutional. I am, therefore, compelled to determine that important question, in the first instance, upon this motion; and I do so the more readily, though with diffidence, for the reason that a decision

here by a single judge, followed by a trial of the action in this court, may not only furnish the parties with the only means by which they can obtain the final judgment of the supreme court of the United States, upon the question, but, because the extent of the power of the federal government to destroy or interfere with the jurisdiction of the courts of the several states, in suits of this character, may thereby be ascertained and determined.

The federal government has no judicial nor legislative power, except that which is conferred upon it by the third article of the constitution (*Amend'ts to the U. S. Const Art.* 10). The second section of that article declares that, "the judicial power shall extend to controversies between citizens of different states;" and, so far as concerns the question now before the court, no judicial power is given to the government of the United States by the constitution, beyond what is contained in those words; nor has congress any legislative authority to increase such judicial powers. As Chief Justice MARSHALL well remarked, in *Hodgson* agt. *Powerbank* (5 *Cranch*, 303), "the statute cannot extend the jurisdiction of the U. S. courts beyond the limits of the constitution." Congress, therefore, can only pass such laws as are necessary for the purpose of carrying this provision of the constitution into effect.

The constitution, it will be seen, gives to every person who is, as between states, a foreign citizen, the personal right or privilege of having his controversy with a citizen of the state in which the litigation is had, tried and determined, at the option of such foreign citizen, in a court of United States; and that personal privilege is given to him for the sole and simple reason, that he is a citizen of a state other than that in which the suit is brought, while his opponent is a citizen of the latter.

No special legislation was, or has ever been, necessary in order to render that provision of the constitution effective, in so far as regards plaintiffs in action who were citizens of

states other than that in which they brought their suits. For the constitution did not confer upon the U. S. courts the exclusive jurisdiction of suits between citizens of different states (*See Delafield* agt. *State of Illinois,* 26 *Wend.,* 192; *S. C.,* 2 *Hill,* 161, *and authorities there cited*), and the judiciary act of 1789, declared, in express terms, that the jurisdiction of suits between citizens of different states was, concurrently, in the courts of both the state and federal governments. The plaintiff, therefore, had a perfect right to bring his suit either in the state or the federal court as he might see fit.

But in order to enable a defendant thus situated to avail himself of this constitutional right or privilege, some legislation was necessary; and, accordingly, congress provided, in the judiciary act of 1789, that "if a suit be commenced in any state court by one of its citizens against a citizen of another state,   *   *   and the defendant shall, at the time of entering his appearance in such state court, file a petition therein for the removal of the cause for trial into the next circuit court of the United States, offer sufficient surety," (and do certain other things),   *   *   "it shall be the duty of the state court to accept such surety and proceed no further in the cause,   *   *   and the same shall then proceed in the U. S. court, in the same manner as if originally brought therein" (1 *U. S. Stat. at Large,* § 12).

For more than seventy years that statute of 1789, was universally conceded to contain all that was requisite or proper to carry the constitutional provision in this regard into effect, and it still remains unrepealed and in full force.

Under it, a defendant, upon entering his appearance in the state court for the mere purpose of transferring the cause to a court of the U. S., and without submitting himself to the jurisdiction of the former tribunal at all, is empowered, on performing certain formal acts, to remove the action into a federal court, if he elects to do so.

But the declaration in the act of 1789, that the jurisdic-

tion of the state and federal courts is concurrent in suits of this character, not only directly authorizes a claimant to bring and maintain an action in a court of his own state against a citizen of another state, but necessarily, empowers the defendant therein to waive and relinquish the personal right or privilege of removing the cause, which the statute gives him, and to interpose his defense and submit to the jurisdiction of the state court.

In this case, the defendant voluntarily elected to and did, submit himself and the subject matter of the controversy to that one of the two courts of concurrent jurisdiction which, it must be assumed, he preferred, by putting in an answer, trying the cause, and obtaining a reversal of the judgment with an order for a new trial.

This court has therefore, by the acts of both parties as well as by and under the act of 1789, (even if that was essential,) become and is seized and possessed of as full, absolute, and exclusive a jurisdiction of the action, as any court ever has of a controversy before it.

The question, then, is not one touching the power of congress to enact such a statute as may be necessary or proper to carry into effect that provision of the constitution which gives a jurisdiction in these cases to the courts of the United States, but, whether the constitution confers upon the federal government the power to divest a state court of its jurisdiction, thus acquired and vested under a law of the U. S., as well as by virtue of the powers reserved to the state, and so exercised with the full consent, acquiescence, and participation of the parties themseives. It is sufficient to say, here that upon a careful examination of the U. S. constitution, I am unable to find such a power.

The fact that the defendant has filed an affidavit, stating that he believes he will not be able to obtain justice in the state court, (as is required by the acts of 1866-7,) is wholly unimportant. Whatever power congress has in such cases

under the constitution, is founded solely, upon the fact, that the parties are citizens of different states.

I am, therefore, satisfied that, notwithstanding the statutes of 1866-7, and the acts of the defendant thereunder, the action is still in this court and that the plaintiff is entitled to proceed therein to a judgment; and it follows, that this motion must be denied, with costs.